UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL A. GAWEL,            :<br>     *Plaintiff*,                        : | |
| vs.                                                         : C.A. No. | |
| THE TOWN OF NORTH PROVIDENCE,   :<br>by and through Mayor, Charles Lombardi,   :<br>in his official capacity,                           :<br>     *Defendant*.                        : | |

## COMPLAINT

### Statement of Jurisdiction

1. This is an action for damages filed by the plaintiff, Michael A. Gawel, a retired Lieutenant with the North Providence Police Department against the Town of North Providence, based upon the Town's failure to timely pay him compensatory time, which accrued under the Fair Labor Standards Act, 29 U.S.C. § 207(*o*). This Court has jurisdiction over the plaintiff's federal question claims under the provisions of 28 U.S.C. § 1331.

### Parties

2. The plaintiff, Michael A. Gawel, is a resident of the State of Rhode Island and was formerly employed by the North Providence Police Department, retiring on June 7, 2023 at the rank of Lieutenant.

3.  The Town of North Providence ("Town") is a municipal corporation incorporated under a Home Rule Charter enacted by the Rhode Island General Assembly.  The Town of North Providence is named through its Mayor, Charles Lombardi.

## Factual Allegations

4.  During his employment with the Town of North Providence, the plaintiff, Michael A. Gawel accrued compensatory time in lieu of overtime.

5.  The accrual of compensatory time, which is done in lieu of overtime, is governed by the provisions of Section 207(*o*)of the Fair Labor Standards Act.

6.  Under the provisions of 29 U.S.C. § 207(*o*), an employer shall pay unused compensatory time to an employee "upon termination of employment".

7.  The plaintiff voluntarily elected to retire from the North Providence Police Department on June 7, 2022.

8.  The Town of North Providence, through its Police Chief acknowledged in a letter to the Town's Finance Director, Maria Vallee, that as of June 7, 2022, the plaintiff had accrued Three Hundred Sixty Eight and 29/100 (368.29) hours of compensatory time.  (The letter from Chief Alfredo Ruggiero, Jr., is attached hereto as Exhibit 1).

9. After the plaintiff left his employment with the Town of North Providence on June 7, 2022, the next regularly-scheduled pay period for North Providence Police Department employees was June 17, 2022.

10. On the plaintiff's June 17, 2022 Payroll Advice, the Town acknowledged that the plaintiff had accrued Three Hundred Sixty Eight and 29/100 (368.29) hours of compensatory time.

11. Despite acknowledging on June 17, 2022, that the Town owed the plaintiff Three Hundred Sixty Eight and 29/100 (368.29) hours of compensatory time the Town did not pay the plaintiff the accrued compensatory time until March 3, 2023, nearly nine (9) months after the plaintiff had left his employment with the Town of North Providence.

12. The failure of the Town of the Town to pay the plaintiff his accrued compensatory time, totaling Three Hundred Sixty Eight and 29/100 (368.29) hours of compensatory time, for nine (9) months violates the provisions of the Fair Labor Standard Act, 29 U.S.C. § 207(*o*) because the Town's failure is willful.

13. As a result of the Town's willful failure to pay the plaintiff his accrued compensatory time, totaling Three Hundred Sixty Eight and 29/100 (368.29) hours, upon his termination of employment, the plaintiff is owed liquidated damages in the amount equal to this accrued compensatory time.

14. As a result of the Town's wilful failure to pay to the plaintiff his accrued compensatory time, totaling Three Hundred Sixty Eight and 29/100 hours, the plaintiff incurred attorney's fees that he would not have incurred absent the Town's willful failure to pay the accrued compensatory time.

WHEREFORE, the plaintiff demands judgment as follows:

1. That the plaintiff be awarded liquidated damages equivalent to Three Hundred Sixty-Eight and 29/100 (368.29) hours of compensatory time, as provided under 29 U.S.C. § § 207(*o*), 216(a)(b) and under the Fair Labor Standards Act.

2. That the plaintiff be awarded attorney's fees, costs and such other and further relief as may be deemed appropriate and just.

    MICHAEL A. GAWEL,
    By his attorney,

    /s/Edward C. Roy, Jr., Esq.
    EDWARD C. ROY, JR., ESQUIRE
    577 Tiogue Avenue, 2nd Floor
    Coventry, RI 02816
    (401) 823-0488
    (401) 823-0486   Facsimile
    Edward_Roy@hotmail.com

## **JURY TRIAL DEMAND**

The plaintiff hereby demands a trial by jury as to all causes triable by jur.

    /s/Edward C. Roy, Jr., Esq.