UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| MICHAEL A. GAWEL,<br>    Plaintiff,<br><br>v.<br><br>THE TOWN OF NORTH<br>PROVIDENCE, by and through Mayor<br>Charles Lombardi, in his official<br>capacity,<br>    Defendant. | C.A. No. 23-251-JJM-LDA |

## ORDER

Before the Court is the Town of North Providence's ("Town") Motion to Dismiss the Amended Complaint. ECF No. 9. For the following reasons, the Court DENIES the Town's Motion to Dismiss.

## I. BACKGROUND

Michael A. Gawel retired from the North Providence Police Department ("NPPD") having achieved the rank of Lieutenant.[1] ECF No. 4 at ¶ 2. Upon retirement, Mr. Gawel asserts that he was afforded payment for "accrued compensatory time." *Id.* at ¶ 8. Mr. Gawel earned compensatory time from working overtime with the NPPD. *Id.* at ¶ 5. Citing a letter from the Chief of Police for the NPPD, Mr. Gawel alleges he was owed 368.29 hours of compensatory time at the time of his retirement. *Id.* at ¶ 8.

---

[1] Mr. Gawel resigned from the NPPD while he "was facing a Law Enforcement Officers' Bill of Rights Hearing." ECF No. 10-1 at 1.

Mr. Gawel alleges that the Town not only failed timely to pay the owed compensatory time, but that it also took more than eight months to finally receive payment. *Id.* at ¶ 11. Mr. Gawel in fact could allegedly see the amount owed in his account with the Town's electronic payroll system. *Id.* at ¶ 10. Mr. Gawel further alleges that because of the Town's failure of prompt payment, he "incurred attorney's fees" in his pursuit to compel the Town's to pay. *Id.* at ¶ 14. Mr. Gawel finally recouped his compensatory time pay. *Id.* at ¶ 11. Mr. Gawel alleges the Town violated the Fair Labor Standards Act ("FLSA"), under 29 U.S.C. § 207, for willfully failing to timely pay his accrued compensatory time. *Id.* at ¶ 12. He asserts he is owed liquidated damages for this willful failure of payment. *Id.* at ¶ 13.

Mr. Gawel filed a lawsuit in Rhode Island state court, asserting a similar claim but under Rhode Island labor law. ECF No. 9 at 2. For reasons unknown, eight months later he then commenced this federal lawsuit. ECF No. 4. The Town moves to dismiss the Amended Complaint. ECF No. 9.

## II. STANDARD OF REVIEW

When the Court reviews a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it accepts all Plaintiff's factual allegations as true to decide whether they "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court may not consider "conclusory legal allegations." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013) (citing *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). Additionally,

"bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (citations omitted).

## III.   DISCUSSION

The Town argues that the Court should dismiss Mr. Gawel's lawsuit because he engaged in impermissible claim-splitting. ECF No. 9 at 3. The Town adduces he violated this doctrine because he filed a FLSA claim with this Court while litigating a similar R.I. Gen Laws § 28-14-4 claim in state court. *Id.* The Town cites caselaw and argues that Mr. Gawel's claim in this lawsuit is related enough to the state court lawsuit, to bar him from proceeding this way. *Id.* at 6-7. But for reasons stated below, the Town's claim-splitting analysis of the facts in this case do not fit within that doctrine.

Claim-splitting is an analogous to claim-preclusion. *See* 18 CHARLES A. MILLER ET AL., FEDERAL PRACTICE AND PROCEDURE § 4406, at 160 (3d ed. 2016). A lawsuit, containing the same parties and claims, transactionally related to a simultaneous suit may be dismissed "when there is no final judgment to support claim preclusion" under claim-splitting. *Id.* at 160, n.20. This is because a "claim-splitting analysis supports dismissal if claim preclusion would arise from a final judgment in the first action." *Id.* Some courts have adopted this language "as a matter of docket management." *Id.*; *See Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 986 (10th Cir. 2002); *see also Vanover v. NCO Fin. Servs.*, 857 F.3d 833, 841 (11th Cir. 2017); *see also Curtis v. Citibank N.A.*, 226 F.3d 133, 139 (2d Cir. 2000).

While the First Circuit has not explicitly adopted the same claim-splitting language, there is sufficient First Circuit caselaw that admonishes this type of dual litigation. *See Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir. 1947) ("The pendency of a prior pending action in the same federal court is ground for abatement of the second action") (citation omitted).

For Mr. Gawel's federal lawsuit to be barred by the claim-splitting doctrine, the lawsuit must have a substantially related claim to a simultaneous suit, and it must be before a federal court. But here lies the problem with applying this doctrine to the current facts—Mr. Gawel is not asserting his claims in two separate lawsuits in federal court. Mr. Gawel is asserting his claims in two separate jurisdictions. One in federal court alleging federal law violations, the other in state court alleging state-law violations. The claim-splitting doctrine does not apply here.

Rather, Mr. Gawel is engaged in parallel litigation between federal and state courts. Parallel litigation occurs when there is "pendency of an action in the state court * * * concerning the same matter in the Federal court having jurisdiction." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citation omitted). In other words, parallel litigation occurs when a party is litigating substantially related claims in both state and federal court, when there is concurrent jurisdiction. Mr. Gawel filed his federal lawsuit alleging the Town failed to "timely pay him compensatory time," under federal law, while litigating a substantially similar state-law claim in state court.

A closer look at the language of each statute, grounding Mr. Gawel's lawsuits, envisages their similarity. :

> An employee who has accrued compensatory time off authorized to be provided under paragraph (1)² shall, upon termination of employment, be paid for the unused compensatory time at a rate of compensation not less than the average regular rate received by such employee during the last 3 years of the employee's employment, or the final regular rate received by such employee.

29 U.S.C. § 207(o)(B)(4)(A)-(B).

> (a) Whenever an employee separates or is separated from the payroll of an employer, the unpaid wages or compensation of the employee shall become due on the next regular payday and payable at the usual place of payment.
>
> (b) Whenever an employee separates or is separated from the payroll of an employer after completing at least one year of service, any vacation pay accrued or awarded by collective bargaining, written or verbal company policy, or any other written or verbal agreement between the employer and employee shall become wages and payable in full or on a prorated basis with all other due wages on the next regular payday for the employee.

R.I. Gen Laws § 28-14-4 (a)-(b).

While Mr. Gawel filed his lawsuits under different legal theories, Mr. Gawel is effectively litigating the same underlying factual basis in both courts, using significantly similar law. He is seeking the same redress for willful failure of timely payment by the Town—liquidated damages.

---

² 29 U.S.C. § 207 (o)(1) (Employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this action.)

5

Contrary to the prohibition against claim-splitting where "two purely in personam suits between the same parties for the same cause of action may not maintained in the same jurisdiction," parallel litigation is allowed because the "[in personam lawsuits] are in different courts." *Commerce Oil Refin. Corp. v. Miner*, 303 F.2d 125, 127 (1st Cir. 1962); *see also Penn Gen. Cas. Co. v. Pennsylvania*, 294 U.S. 189, 195 (1935) ("Where the judgment sought is strictly *in personam* * * * both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as *res judicata* in the other."). Mr. Gawel's federal and state suits are both in personam suits because he asserts the claim that he was not timely paid the appropriate backpay after retirement and seeks the same compensatory relief. Thus, the Court disagrees with the Town that Mr. Gawel's claims should be dismissed because of impermissible claim-splitting.

The analysis of whether Mr. Gawel's federal lawsuit does not stop with the incorrect claim-splitting argument. Although this Court is bound by "the strict duty to exercise the jurisdiction that is conferred upon [us] by Congress * * * [t]his duty is not, however, absolute." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (cleaned up). The Court may abstain from exercising its jurisdiction, sua sponte, "in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest." *Id.* (citation omitted); *see Bellotti v. Baird*, 428 U.S. 132, 413 n.10 (1976) ("Indeed it would appear that abstention may be

raised by the court sua sponte.") (citation omitted). That said, Mr. Gawel's lawsuit does not seem to fit within the type of cases that weigh heavily in favor of abstention.

The Supreme Court promulgated certain doctrines explaining the countervailing interests that tip the scales in favor of abstention—if not outright require it. The *Pullman* doctrine requires abstention when a plaintiff's claims rest on a federal constitutional question about an ambiguous state statute not yet interpreted by the state courts. *See R.R. Com. Of Texas v. Pullman Co.*, 312 U.S. 496, 500-01 (1941). Or the *Younger* doctrine requires abstention when a plaintiff seeks injunctive or declaratory relief from an ongoing criminal proceeding. *See Younger v. Harris*, 401 U.S. 37, 50-51 (1971). Here however, Mr. Gawel's concurrent litigation exclusively deals with alleged federal and state labor law violations. The issues neither involve an ambiguous state statute, nor a criminal proceeding. And although there are other abstention doctrines that may apply, they are discretionary, and the Town did not raise them in its Motion to Dismiss. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *See also Colo. River Water Conservation Dist.*, 424 U.S. 800.

## IV. CONCLUSION

For these reasons, Mr. Gawel's parallel litigation strategy between the state and federal courts does not satisfy the elements of claim-splitting. Nor does the Court find just cause for applying any applicable abstention doctrines. Thus, the Court DENIES the Town's Motion to Dismiss the Amended Complaint. ECF No. 9.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

August 17, 2023